## GOLD COAST CRUISES, Inc. v. CITY OF MIAMI BEACH.

### No. 60 C 2412.

Circuit Court, Dade County.

May 26, 1960.

Copeland, Therrel, Baisden & Peterson, Miami Beach, for plaintiff.

Joseph A. Wanick, City Attorney, for City of Miami Beach.

RAY PEARSON, Circuit Judge.

This cause coming on for final hearing on the plaintiff's complaint and the answer of the defendant, the court having heard all the testimony, argument of counsel, and being fully advised in the premises, finds as follows —

That the court has jurisdiction of the parties and the subject matter of this suit.

That the equities are with the plaintiff and against the defendant, and the plaintiff is entitled to the relief prayed for in its complaint.

That the plaintiff is a corporation organized and existing under the laws of this state, that its principal business is the operation of sightseeing and pleasure boats for hire, and that its principal place of business is at Haulover Park Marina located

on Collins Avenue at 105th Street outside of the corporate limits of the city of Miami Beach.

That the plaintiff as an incident to the operation of its business provides transportation to its customers from their homes, hotels, or apartments to the location of the plaintiff's business and return on a courtesy basis for which no fare is charged.

That the defendant adopted municipal ordinance no. 1372 on February 17, 1960, entitled "Gratuitous Public Transportation". That under such ordinance it is provided —

SECTION 1: It shall be unlawful for any person to use or operate, or to cause, authorize, direct or engage any other person, firm or corporation to use or operate any motor vehicle within the city to or from any place of business or public entertainment, where such transportation is, or held out, by advertisement, solicitation, or otherwise, to be either an incident to the conduct or operation or such business or public entertainment, or is intended, or represented, to be an inducement to the person transported to patronize such place of business or public entertainment, without first having obtained a permit to do so as provided in this chapter.

That by reason of the location of the plaintiff's business, section 1, above, prevents it from engaging any person, firm or corporation even though such person, firm or corporation properly qualified under the ordinance, to transport its customers to and from its business location.

That by reason of section 7 of the said ordinance which reads as follows — "Any person, firm, partnership or corporation operating a gratuitous transportation service in the City of Miami Beach shall be required to fully comply with the provisions of this ordinance; and no permit for gratuitous transportation will be granted to serve any business which is located beyond the corporate limits of Miami Beach, . . ." the plaintiff is prevented from obtaining a permit for gratuitous transportation to serve its business because it is located beyond the corporate limits of the city of Miami Beach.

That under the factual situation herein found by the court to exist in the plaintiff's complaint, the aforequoted sections of said ordinance, namely, sections 1 and 7, are to the plaintiff, Gold Coast Cruises, Inc., discriminatory, arbitrary, confiscatory and unreasonable; also, they deny to the plaintiff the equal protection of the laws as provided for in the constitution of the United States and Declaration of Rights of the constitution of Florida; and said sections of the ordinance are invalid, void and unenforceable by the defendant as to or against the plaintiff, Gold Coast Cruises, Inc.

It is therefore ordered, adjudged and decreed —

That section 1 of the ordinance no. 1372, insofar as it seeks to prevent the transportation of persons to the plaintiff's business location by persons, firms or corporations otherwise qualified to engage in such transportation under the ordinance, is declared invalid and unconstitutional.

That section 7 of the ordinance no. 1372, insofar as it seeks to prevent the plaintiff from qualifying for a gratuitous transportation permit by reason of the fact that its business is located outside the corporate limits of Miami Beach, is declared invalid and unconstitutional.

That the defendant, City of Miami Beach, its officers and agents, be and they are hereby permanently enjoined and restrained from enforcing or attempting to enforce sections 1 and 7 of ordinance no. 1372 of the City of Miami Beach as to the plaintiff and the plaintiff's business.

That the plaintiff have and recover from the defendant all its costs herein incurred.